## A. KLIPSTEIN & CO. v. GRANT et al.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1905.)

No. 1,488.

ELECTION OF REMEDIES—ACTS CONSTITUTING ELECTION—BRINGING OF SUIT.

Where a party has two remedies inconsistent with each other, the bringing and prosecution of a suit based on one theory, with knowledge of his rights and of the facts, is an election of such remedy, and he cannot thereafter maintain a suit to enforce the alternative remedy.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Election of Remedies, § 12.]

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

The following is the opinion of Newman, District Judge, in the Circuit Court:

I am satisfied that this bill must be dismissed, for the reason that complainants have already sought a remedy which is entirely inconsistent with the one they now seek. The suit which is shown by the pleadings to have been heretofore brought and prosecuted to a conclusion by Klipstein & Co. in the Circuit Court was upon the theory of the ratification of a sale by C. L. Allen to the Allen-Miles Company. The present proceeding is entirely inconsistent with the position taken in the former suit. The correct rule of law as I understand it on the subject is stated in 7 Encyc. Pl. & Pr. pp. 362, 363, 364. The election of a remedy is considered by the authorities to be complete when suit is brought; certainly it is complete when carried to a conclusion. In Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 52, the rule is stated in the syllabus in this way: "When a party has two remedies, inconsistent with each other, any decisive act by him, done with knowledge of his rights and of the facts, determines his election of his remedy." In the opinion, after quoting a number of authorities, the following occurs: "The rule established by these cases is that any decisive act by a party, with knowledge of his rights and of the facts, determines his election in the case of inconsistent remedies." In this case of Robb v. Vos is a quotation from the opinion in Thompson v. Howard, 31 Mich. 309, 312, as follows: "A man may not take contradictory positions; and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again." The same doctrine is laid down in Bacon & Company v. Moody, 117 Ga. 207, 43 S. E. 482. For this reason the bill cannot be maintained.

I entertained some doubt, as was expressed at the hearing, and I still have some, as to whether the Allen-Miles Company should not have been made a party to this proceeding, and as to whether the case could properly proceed in the Circuit Court, instead of on the equity side of the bankruptcy court. But this matter need not be considered in view of the opinion entertained, as expressed above, on the merits of the proceeding.

A decree may be taken dismissing the bill.

### On Motion for Rehearing.

This is a motion for a rehearing in a case disposed of by an opinion of the court filed April 22, 1905. The motion for a rehearing must be denied. Even if there be merit in the claim that ignorance of the fact that Klipstein & Co. had been, as to the larger part of their indebtedness, omitted from the list of indebtedness of C. L. Allen, assumed by the Allen-Miles Company, relieved Klipstein & Co. from the legal effect of the election made in bringing the action at law against C. L. Allen and the Allen-Miles Company, still it seems to me

that the fact that Klipstein & Co. through their counsel obtained such knowledge during the pendency of the suit at law, and then prosecuted that suit to a conclusion, would have the same effect. But, be that as it may, it may be proper to say now that, even if the doctrine of election of remedies did not control in this case, the bill and everything stated in it is insufficient to justify the court in making a decree setting aside the contract between C. L. Allen and the Allen-Miles Company. It does not appear that any fraud in this matter was perpetrated upon any one. Allen apparently put all his business assets into the Allen-Miles Company and received full value in stock of that company and stock in proportion to the amount put in by Miles. If the consolidation of the business of Allen and Miles into the Allen-Miles Company was made to defraud creditors, this record fails to show it. The fact that Klipstein's debt was put at $1,225.10 appears to have been due to the fact that the list of creditors was made in May, when the debts seems to have been that amount. No fraudulent intent or purpose as against Klipstein & Co. is shown. If the intention of the Allen-Miles Company really was to assume the entire indebtedness of Klipstein & Co., the remedy would seem to have been in that direction rather than in the one now attempted to be pursued.

I do not think the bill states a case to justify the rescission of the contract between Allen and the Allen-Miles Company, even as to Klipstein & Co., and consequently, independently of any other consideration as to whether the present proceeding is a proper one or not, it would be doing a useless work to grant a rehearing and allow an amendment, when even as thus amended the bill would not state a case justifying the relief asked. The motion for a rehearing will be denied.

Henry A. Alexander and Shepard Bryan, for appellant.

Benj. F. Abbott, C. P. Goree, Jno. M. Slaton, Benj. Z. Phillips, L. Z. Rosser, and Morris Brandon, for appellees.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. The decree appealed from seems to be in all respects just and correct, and it is therefore affirmed.