(110 App. Div. 125.)

KNICKERBOCKER v. CONGER et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. CORPORATIONS—ACTION BY STOCKHOLDER—NECESSARY PARTIES.

Plaintiff alleged that a certain corporation in which he was a stockholder had agreed to consolidate with other companies and form a new corporation, the new company to take over from the other companies certain plants and assets and issue preferred and common stock in payment thereof, such stock so to be issued to stockholders of the first-named corporation in payment of such of its assets as were taken by the new company, to be delivered to defendant's testator, who was president of the first-named company, for purpose of distribution among the stockholders thereof; that in accordance with the agreement plaintiff and other stockholders delivered their stockholdings to defendant's testator to hold the same in trust for said purposes; that the stock issued by the new company was thereafter delivered to said testator as trustee, but that he never accounted to plaintiff for the latter's proportion, nor for the remaining assets of the corporation. The complaint further prayed for an accounting for the stock and assets. *Held*, that the first-named company, being entitled to the stock issued by the new company in payment for the assets taken over, was entitled to such stock as between it and its stockholders, and was, therefore, a necessary party.

2. SAME—STOCKHOLDERS.

In such action the stockholders of the first-named corporation were also necessary parties.

3. SAME—RIGHT OF ACTION—RECOVERY OF ASSETS.

A stockholder of a corporation, transferring to another corporation for purposes of consolidation a portion of its assets, has no right of action individually against the first-named corporation for the remaining assets until such corporation has declared a dividend or directed a distribution of such assets among its stockholders.

4. SAME—TRUST AGREEMENT—ACTION TO ENFORCE—PARTIES.

Where the assets of a corporation were transferred to another corporation for consolidation purposes, stock of the latter company to be issued in payment therefor and delivered to the president of the first-named

company in trust for its stockholders, the trust thereby created, if any, was to the stockholders collectively, and an action to enforce the same could be commenced by all the stockholders only, and not by one individually.

Appeal from Special Term, New York County.

Action by Edwin Watson Knickerbocker against Benn Conger and others, as executors, etc. From an interloctury judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

W. Gerald Philippeau, for appellant.
Paul Eugene Jones, for respondents.

INGRAHAM, J. The complaint alleges that the Croton Bridge & Manufacturing Company was a domestic corporation in which the plaintiff was the holder of 50 shares of the capital stock; that the defendant's testator was president and director of the corporation; that on or about January, 1900, the plaintiff received from the defendant's testator a written report of the condition of the corporation at the close of business on December 31, 1899, which showed total assets of $1,066,-463.01, of which $624,211.51 was the surplus, and that there was a net profit for the year 1900 of $39,040.15; that prior to the delivery of the said report the defendant's testator had represented to the plaintiff that the corporation, with a number of other bridge companies, intended to consolidate and form a new company to be known as the American Bridge Company; that the new company was to take over from the Croton Bridge Company and the other bridge companies entering into the combination certain plants and assets of the said respective companies and issue and deliver therefor certain preferred and common stock of the said American Bridge Company in payment thereof; that such stock as under said agreement of consolidation was to be issued to the stockholders of the said Croton Bridge Company in payment of so much of the assets and property of that company as were taken over by the American Bridge Company was to be delivered to the defendant's testator for the purpose of distribution among the stockholders of the Croton Bridge Company in accordance with their respective holdings; that he further represented to the plaintiff that as to such assets of the Croton Bridge Company not taken over by or transferred to the American Bridge Company under said agreement of consolidation, the stockholders of the said Croton Bridge Company would receive their just proportion or pro rata of the proceeds thereof; that in order to consummate and carry out the said proposed consolidation, it would be necessary for all the stockholders of the Croton Bridge Company, including the plaintiff, to deposit their respective shares with the defendant's testator in trust for the purposes aforesaid; that the plaintiff, relying upon such representations, on or about March, 1900, delivered to the defendant's testator all of his holdings in the Croton Bridge Company, to wit, 50 shares of its capital stock, of the par value of $100 each, in trust, nevertheless, to hold the same for the uses and purposes theretofore described in the complaint; that on or about May, 1900, the said consolidation was perfected, and the American Bridge Com-

pany was duly organized and took over the greater part of the assets of the Croton Bridge Company in pursuance of said consolidation agreement, and issued therefor and in consideration thereof, for the use and benefit of the stockholders of the said Croton Bridge Company, more than 6,000 shares of its preferred stock and more than 3,000 shares of its common stock; that said stock was delivered to the defendant's testator in trust for the use and benefit of the stockholders of the Croton Bridge Company; and that he refused to deliver the same to the said stockholders, including the plaintiff.

It is further alleged that the American Bridge Company purchased and received from the Croton Bridge Company certain uncompleted contracts for the sum of $165,631.09 and paid on account of said purchase price to the Croton Bridge Company $130,590.97; that at a so-called auction sale, had and conducted without notice to this plaintiff, there had been sold and transferred to the defendant's testator, all of its remaining assets and property, of the reasonable market value of upwards of $200,000, for the sum of about $36,000; that the defendant's testator did not deliver to the plaintiff his proportionate share of the stock of the said American Bridge Company, but only delivered to the plaintiff 150 shares of the preferred stock and 75 shares of the common stock of the said company; that defendant's testator represented to the plaintiff that the said 150 shares of preferred stock and the 75 shares of the common stock was the plaintiff's proportionate share or pro rata of all stock issued by the American Bridge Company under and by virtue of the said consolidation agreement; that this plaintiff never received any part of the remaining assets of the said Croton Bridge Company, nor any part of the amount paid by the American Bridge Company for the said uncompleted contracts; that plaintiff received nothing for his holdings in the said Croton Bridge Company except the 150 shares of preferred stock and 75 shares of common stock of the American Bridge Company; that defendant's testator never accounted for the stock of the American Bridge Company, nor for the remaining assets of the Croton Bridge Company. The total amount of the capital stock of the Croton Bridge Company is alleged to be of the face value of $120,000, and that the plaintiff is the owner of 50 shares of the face value of $5,000.

Defendant demurred to the complaint on several grounds; one of the grounds of demurrer being that there is a defect of parties defendant, in that the Croton Bridge Company was not made a party to the action, and also upon the ground that the other stockholders of the plaintiff similarly situated are necessary parties to the action. The Special Term sustained the demurrer upon these grounds.

The complaint alleges that the stock of the American Bridge Company was issued as the consideration for the transfer of the assets of the Croton Bridge Company, and defendant's testator is alleged to have received it in trust for the stockholders of the Croton Bridge Company. Upon this allegation it was the Croton Bridge Company that was entitled to the stock as between it and its stockholders, and in an action against the president of the Croton Bridge Company to compel him to account for the stock that he (the president of the company) received for the transfer by the company of its assets, the company

was certainly a necessary party. The company is clearly entitled to be heard before the stock issued to its president as the consideration of the transfer of its assets should be distributed by its president among others, whether stockholders of the corporation or not. I think, also, that the court was right in holding that the other stockholders of the Croton Bridge Company were necessary parties, either personally or by representation. A stockholder is entitled to sue on behalf of himself and other stockholders similarly situated, giving the other stockholders the right to come in and be made parties to the action; but in this case the plaintiff sues individually and not in a representative capacity. It follows that the court below was clearly right in sustaining the demurrer on the grounds stated.

The defendant also demurs upon the ground that there is no cause of action stated or facts alleged which constitute a good cause of action. I think it quite doubtful whether any cause of action in favor of the plaintiff, suing, not in behalf of himself and other stockholders of the corporation, but as an individual, is stated. So far as he seeks to recover any of the assets of the corporation, either the remaining assets after the transfer under the consolidation agreement, or the amount paid by the American Bridge Company to the Croton Bridge Company for the uncompleted contracts, it is quite clear that the plaintiff has no cause of action. These assets belong to the corporation, and in no sense to the plaintiff as one of its stockholders, until the corporation has declared a dividend, or directed the distribution of its assets among its stockholders, which is not alleged in the complaint. No facts are alleged which justify setting aside the transfer to defendant's testator of the remaining assets of the corporation on the ground of fraud; and in such an action the plaintiff would have to sue on behalf of the company, after the company had itself refused to bring an action upon a demand by the plaintiff, or facts alleged which excused such a demand. Whatever rights the plaintiff has to the undistributed assets of the corporation, whether in the hands of the defendant's testator or the other officer of the corporation, was against the corporation and not against the president.

As to the stock transferred to the president of the Croton Bridge Company, the plaintiff alleges that the American Bridge Company took over the greater part of the assets of the Croton Bridge Company in pursuance of the said consolidation agreement, and issued therefor and in consideration thereof, for the use and benefit of the stockholders of the Croton Bridge Company, more than 6,000 shares of its preferred stock and more than 3,000 shares of its common stock, and caused the same to be delivered to the defendant's testator, in trust for the use and benefit of the stockholders of the Croton Bridge Company, including this plaintiff, in proportion to their respective holdings.

Assuming from these allegations that there can be spelled out a trust relationship between the defendant's testator and the stockholders of the Croton Bridge Company, it is a trust to the stockholders collectively, and not a trust to one stockholder individually; and in an action to enforce such a trust it must be commenced by all the stockholders, and not by one stockholder individually. The case of Zebley v. Farmers' Loan & Trust Company, 139 N. Y. 461, 34 N. E. 1067, is not in point,

as the demurrer was not upon the ground that there was a defect of parties, in that the other bondholders were not before the court, and no point was taken as to the necessity of the other bondholders being parties to the action. The counsel for the plaintiff in his brief states that the allegations that the defendant's testator purchased corporate property for a sum far below its value, and that the corporation received some $130,590 in cash, for which no account was ever rendered, may be regarded as surplusage, and were inserted to show the utter disregard the defendant's testator had for the rights of the stockholders of the company of which he was the president. Unless these allegations were to be considered in determining the relief that plaintiff claimed it would be difficult to see a reason for these insertions; but the relief actually demanded is, not only that the defendants as executors should be required to account for the stock of the American Bridge Company, both common and preferred, and for its value, but also for such other moneys and valuables and assets of the Croton Bridge Company as came into the possession of the defendant's testator, impressed with a trust in favor of the plaintiff.

I think that before the stock received by the president of the Croton Bridge Company, as a consideration for the transfer of the assets of that company, can be distributed among its stockholders, the Croton Bridge Company has a right to be heard, and that all of the stockholders must be united in one action, so that each would be entitled to receive his proportionate share.

It follows that the judgment appealed from should be affirmed, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below. All concur.