(118 App. Div. 364)

BROWN v. UTOPIA LAND CO. et al.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. CORPORATIONS — LIABILITY OF STOCKHOLDERS — SUITS FOR ACCOUNTING— PLEADING.

A complaint, in a suit by shareholders of a corporation for an accounting by defendants of their official conduct in the management and disposition of the funds and property of the corporation and for other equitable relief, was insufficient on demurrer, in the absence of an allegation that defendants were directors of the corporation, since defendants were in no way responsible for its affairs unless they were directors.

2. SAME—PROSECUTION OF ACTION BY CORPORATION—DEMAND FOR—NECESSITY.

A complaint in an action by certain of the shareholders of a corporation against the corporation and some of its stockholders for an accounting of their official conduct in the management of the funds and property of the corporation, which did not allege demand that the corporation prosecute an action against the other defendants named, nor state facts sufficient to relieve plaintiff from making such demand, did not state a cause of action.

3. ACTION—JOINDER OF CAUSES.

A cause of action to compel an accounting by directors of a corporation of their official acts and the restitution to the corporation of property wrongfully received by them, and a cause of action by a shareholder to recover damages which he personally has sustained by reason of the wrongful acts of defendants, are two separate and distinct causes of action, and hence cannot be joined in the same complaint.

4. PLEADING—DEMURRER—EFFECT OF SUSTAINING—DISMISSAL ON MERITS.

A complaint should not be dismissed on its merits on the sustaining of a demurrer thereto, where the merits of the allegations set out in the complaint could only be determined after a trial of the facts involved, and where it was possible to allege a different state of facts showing a legal liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 568.]

Appeal from Special Term, New York County.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Emanuel Hertz, for appellant.
Emanuel Jacobus, for respondents.

McLAUGHLIN, J. The complaint in this action alleges, in substance, that the defendant corporation was organized for the purpose of buying and selling real estate, and in pursuance thereof made certain purchases, for which it paid or agreed to pay upwards of $100,-000, of which sum a little over $21,000 was contributed by the shareholders and the balance paid by taking the property subject to two mortgages; that the value of the property purchased at the time of the commencement of this action was between $200,000 and $300,000; that the defendants, other than the corporation, knowing the value of the property, entered into a conspiracy to deprive and defraud the plaintiff and a large number of shareholders of their property and the money paid for their respective stock, and in pursuance thereof they have obtained control of a majority of the shares of stock, by representing to the plaintiff and others that the corporation, at the time such shares were obtained, was insolvent and unable to meet its obligations, and unless they could obtain such shares an application would be made for the appointment of a receiver; that also, in pursuance of such fraudulent scheme and to carry the same into effect, they ceased to collect moneys outstanding and due the corporation for land theretofore sold, amounting to some $7,000, and that moneys collected were not credited in the books of the corporation; that the plaintiff, relying upon the representations made, entered into a certain agreement, but when it was ready for signature another was substituted, wherein and whereby the plaintiff and other shareholders surrendered to the defendants a majority of the shares of stock and all rights and privileges in the corporation for a period of three years; that with the power thus acquired the defendants control the operations of the corporation to the exclusion of others and put out one Klein and Greenspan as officers; that the defendant Harris, the secretary of the corporation, conspired with others to defraud the shareholders, and denied them access to the books or offices of the corporation, and refused to furnish any statements of its financial condition; that the defendants are familiar with the value of the land purchased by the corporation before referred to, and have refused from $1,100 to $2,000 per acre; that they now control all but 45 shares, and have declared an intention of removing Klein, the vice president, and Greenspan, a director, and all other directors who will not participate in the fraudulent scheme to deprive the shareholders of their money; that a large number of shareholders are thus deprived of their rights, and the corporation is prevented from carrying on its usual and ordinary business.

The judgment demanded is (1) that the defendants and each of them account to the plaintiff and to all the shareholders similarly situated for their official conduct in the management and disposition of the funds and property of the corporation; (2) that the defendants and each of them be compelled to account to the plaintiff for any money and the value of any property they have acquired for themselves and transferred to others, or lost or wasted in the business of the corporation; (3) that the damage which the plaintiff has sustained by reason

of the wrongful acts of the defendants be ascertained, and that he have judgment therefor; (4) that the annual meeting of the shareholders of the corporation, called for the 21st of January, 1906, and held on the 16th of February, 1906, be declared null and void, and that a receiver of the corporation be appointed; (5) that the defendants and each of them deliver to this plaintiff, or to some person to be designated by the court, all moneys or property belonging to the corporation which they have in their possession or under their control; (6) that the court award the plaintiff such other and further relief as may be just.

The corporation demurred to the complaint upon the ground that the facts stated therein did not constitute a cause of action; that there was a misjoinder of causes of action, and also a defect of parties defendant, in that the plaintiff has not made the directors of the corporation parties. The demurrer was sustained upon the grounds first named, and judgment entered upon the decision to this effect dismissing the complaint upon the merits, from which the plaintiff appeals.

I am of the opinion that the demurrer was properly sustained, not only upon the grounds named, but also could have been sustained upon the third ground. There is no allegation anywhere to be found in the complaint that the defendants are or were, at the time complaint is made of the action of the corporation, its directors. The statute makes the directors of a corporation the managers of its business and affairs, and it is of no importance what a stockholder does, unless he be a director, because the statute does not commit to him any voice in the management of the business of the corporation, nor is he in any way made responsible for it. Nor is there any allegation to the effect that a demand has been made upon the corporation to bring an action to recover of the defendants the damages alleged to have been sustained by reason of the wrongful acts complained of, nor are any facts stated which enable the plaintiff to maintain the action in the absence of such demand. O'Connor v. Virginia Company, 184 N. Y. 46, 76 N. E. 1082. Causes of action have been improperly united; one being by a shareholder to compel an accounting by the directors of the corporation of their official acts and a restitution to the corporation of property wrongfully received by them, and the other by a shareholder to recover damages which he personally has sustained by reason of the wrongful acts of the defendants—two separate and distinct causes of action, which cannot be united in the same complaint. Groh v. Flammer, 100 App. Div. 305, 91 N. Y. Supp. 423.

While I am of opinion that the demurrer was properly sustained, I am also of the opinion that the court erred in dismissing the complaint upon the merits, and for that reason the judgment appealed from, to this extent, is erroneous. The court should not have dismissed the complaint upon the merits. The merits of the allegation set out in the complaint could only be determined after a trial, not of law, but of the facts involved, unless such facts could not by any possibility be changed by an amendment of the pleading, or there would be no legal liability on the facts. The most cursory examination of this complaint shows that it is possible to allege a different state of facts, for which reason it was improper to dismiss the complaint upon the merits; and for the

same reason the plaintiff should have been afforded an opportunity to amend.

The judgment appealed from, therefore, should be modified, by striking out the words which appear therein, "on the merits," without costs to either party, and inserting a provision permitting the plaintiff to serve an amended complaint within 20 days after the entry of the order of modification and service of notice thereof on defendant's attorney, and on payment of the costs in the court below.    All concur.

---

(118 App. Div. 190)

### BROWN v. UTOPIA LAND CO. et al.

(Supreme Court, Appellate Division, First Department.    March 8, 1907.)

**1.** INJUNCTION—DISSOLUTION—DAMAGES FROM ISSUANCE—ASSESSMENT OF—NECESSITY OF FINAL JUDGMENT.

On the dissolution of a preliminary injunction, a referee should not be appointed to assess damages by reason of such injunction until after determination by final judgment that plaintiff was not entitled to such injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 400.]

**2.** SAME—FINALITY OF DETERMINATION.

In a suit for an accounting and for other equitable relief, a judgment, entered on default, sustaining a demurrer to the complaint, was such a final determination as would justify the granting of an order of reference to assess damages sustained by defendant by granting of preliminary injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 400.]

**8.** SAME.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 400.]

Appeal from Special Term, New York County.

Action by Harry Brown, on behalf of himself and of parties individually so situated, against the Utopia Land Company, impleaded with others.   From an order appointing a referee to ascertain damages sustained by defendant caused by an injunction, and directing the surety company on the undertaking to pay the amount found due, and from so much of the order as denies plaintiff's motion to vacate said order of reference, plaintiff appeals.    Modified.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Emanuel Hertz, for appellant.

Emanuel Jacobus, for respondents.

