MILLER v. CROWN PERFUMERY CO. et al.

(Supreme Court, Appellate Division, First Department. May 22, 1908.)

CORPORATIONS—DIVIDENDS—DIRECTION OF PAYMENT BY COURT.

    In an action by a stockholder, on behalf of himself and other stockholders, to compel restitution by the directors of money of the corporation improperly voted to themselves, it was error to direct, in addition to such relief, that the money repaid to the corporation be distributed among the stockholders, since, when paid back, the money was the property of the corporation, and whether the same should be paid out as dividends to stockholders was not a matter to be determined by the court.

Appeal from Special Term.

Action by Henry D. Miller, on behalf of himself and other stockholders, against the Crown Perfumery Company and others. Judgment for plaintiff (57 Misc. Rep. 383, 109 N. Y. Supp. 760), and defendants appeal. Modified and affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Frayer, Stotesbury & Gregg (Eugene Frayer, of counsel), for appellants.

Frederick W. Garvin (George C. Lay, of counsel), for respondent.

CLARKE, J. This is an appeal by the defendants from a judgment of the Special Term rescinding and annulling certain resolutions of the board of directors of the Crown Perfumery Company on the ground of illegality, directing the defendants Batcheller and Russell to restore to the company moneys improperly received, directing a distribution of fixed and certain surplus profits, and the payment of a specific sum to the plaintiff as a dividend upon his stock. We are satisfied in the main with the findings of fact and conclusions of law and the opinion of the learned court at Special Term, from which it appears that the plaintiff and the two defendants Batcheller and Russell were original incorporators of the Crown Perfumery Company, each holding one-third of the shares of the capital stock thereof, and that for a number of years each participated equally in the distribution of the profits earned by the company; that subsequently, by reason of a disagreement with the plaintiff, Batcheller and Russell sought to deprive the plaintiff of the equal participation in the profits to which his holdings of stock entitled him; that the method adopted was first a refusal to re-elect him as a director and officer of the company; that then, as directors, these two defendants voted to themselves by way of salaries the profits made.

For the reasons pointed out in the opinion at Special Term, these several resolutions were invalid, and the judgment annulling and rescinding them and directing defendants Batcheller and Russell to repay the amounts so received by them into the treasury of the company was right. But the judgment went further and provided that:

"The defendant Crown Perfumery Company be, and it is hereby, directed to distribute within 12 days from the entry of this decree among the stockholders of the Crown Perfumery Company, according to their stock interests respectively, the sum of $8,829.31, being the amount of surplus profits

in the 18 months ending June 30, 1907, including interest upon the amounts received by Batcheller and Russell and hereinbefore directed to be paid by them, and that said Crown Perfumery Company pay within 12 days of the entry of this decree to the plaintiff as his share of the profits herein direct· ed to be distributed the sum of $2,943.07."

We think the court had no power to so direct. The defeñdant company is a corporation created under the laws of the state of New York. The plaintiff, as a stockholder, sues on behalf of himself and other stockholders. His right of action is representative. He sues on behalf of the company to compel restitution by directors of moneys of the company improperly voted to and received by themselves, and his standing in court depends upon the allegation and the proof of the control by said defendants of the company, and the refusal of the company, by reason of such control, to bring said action in its own behalf. It is the wrong to the company that he is seeking to redress. It is the restoration of its funds to its treasury for which he seeks the aid of the court. Under such circumstances a minority stockholder, suing the directors upon their official acts, is not entitled to direct personal relief. When the funds improperly taken from the treasury are restored thereto, they become the property of the corporation. They may be necessary for the payment of its debts. It may be advisable that they be retained in the treasury as working capital. The management of the corporate affairs is intrusted to its officers and directors. As said in Williams v. Western Union Telegraph Company, 93 N. Y. 162, at page 192:

"When a corporation has a surplus, whether a dividend shall be made, and, if made, how much it shall be, and where it shall be payable, rests in the fair and honest discretion of the directors, uncontrollable by the courts."

The moneys here ordered to be paid back into the treasury were improperly taken therefrom by way of salaries by two of the directors voted to themselves. When paid back, they become the property of the corporation. Whether or not a dividend should be declared, and said moneys should be paid out as dividends to the stockholders, is not a matter to be determined by the court.

It follows, therefore, that the judgment appealed from should be modified, by striking out so much thereof as provides for a distribution of the amount directed to be paid into the treasury among the stockholders, and, as so modified, affirmed, without costs on this appeal. All concur.