## In re JACOB BERRY & CO.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

### No. 39.

ELECTION OF REMEDIES (§ 7*)—CLAIM AGAINST BANKRUPT—RIGHT TO RECLAIM PROPERTY FROM TRUSTEE—ELECTION OF REMEDIES.

> Where a firm of brokers, prior to their bankruptcy, without authority pledged stocks of customers in their hands to secure loans to themselves, the action of such a customer in proving his claim against the estate for the value of his stock, without reservation, with full knowledge of the facts, constituted an election of remedies, and he cannot reclaim the stock on its subsequent return to the trustee.
>
> [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 12; Dec. Dig. § 7.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

In the matter of Jacob Berry & Co., bankrupts. On petition of James D. Butcher to review an order of the District Court (146 Fed. 623). Order affirmed.

Francis M. Applegate, for petitioner.

James, Schell & Elkus (R. P. Lewis, of counsel), for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a petition to revise an order of the District Court confirming the report of a special master to the effect that the petitioner had elected to prove against the estate for the value of stock wrongfully hypothecated by the bankrupts, and therefore could not subsequently claim the stock or its profits specifically.

It is to be inferred from the opinion of the Supreme Court in Thomas v. Taggart, 209 U. S. 385, 28 Sup. Ct. 519, 52 L. Ed. 845, that a creditor who does this without making any reservation has finally elected his remedy. In that case, arising out of this same bankruptcy, the creditor proved a claim for the value of stocks wrongfully

---

* For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hypothecated by the bankrupts, but expressly reserved his right, notwithstanding, to recover the certificates or their proceeds. The court said:

"In this claim the essential question is as to the effect of Hall's proof of his claim in bankruptcy as a waiver of his right to recover the shares of stock covered by the receipt. We are of the opinion that, in view of the reservation just made, there was nothing in Hall's conduct, amounting to an election to pursue his claim as a creditor in bankruptcy, which now prevents his recovery of the certificates of stock in question. It is true that he voted at the first meeting of the creditors on December 19, 1904, upon an informal ballot for trustee in bankruptcy, and at the formal election of trustees on December 21, 1904, Mr. Hall did not vote, though the referee finds that he participated actively at the meetings held for the election of trustees. We are of the opinion that the reservation of Hall evidenced his intention to hold on to whatever rights he had in his shares of stock, and there is nothing in his conduct which would preclude him, after he had discovered that the shares had been returned to the assignee in bankruptcy, from reclaiming them as his own property."

If the record in this matter showed that the petitioner made his claim without knowledge of all the facts, or even in ignorance of his legal rights to follow the certificates or their proceeds, the situation might be different; but it does not. On the contrary, the special master and the District Judge both found that he acted with full knowledge of all the facts. The situation he is now in is not due to his laches, or to any estoppel arising out of anything done to the prejudice of others, but to the fact that he has deliberately elected a remedy inconsistent with the claim he now makes.

The order is affirmed.