By chapter 438 of the Laws of 1881 it is provided that neither the justice's court of the city of Albany nor the justices of said court shall be allowed any fees for services rendered in said court, except that either of the said justices "shall be entitled to receive such fees in summary proceedings to recover the possession of real property as are now allowed by law to justices of the peace for like services." By section 2 of that act certain attorney fees are allowed in the trial of actions in said court. In 1884 (Laws 1884, c. 122) the name of this court was changed to "City Court of Albany." In 1892 the question came before the General Term of the Third Department as to whether, upon an appeal from the said court, it was necessary to pay the allowances provided for by the second section of the act, and it was held that such costs must be paid before an appeal could be taken. Schwemmer v. Stratton, 22 N. Y. Supp. 523.† Apparently to avoid the effect of this holding, by chapter 312 of the Laws of 1898 it was provided in section 14 that:

"Costs required to be paid for perfecting an appeal under section 3047 of the Code of Civil Procedure shall not include the costs awarded a party under section 12 of this act."

This provision of section 14 of the act of 1898 would seem to be a recognition, if such were necessary, of an existing rule that in summary proceedings, where the fees still existed as originally in justice's court, an appeal could only be perfected by the payment of those fees, and such is the only rule deducible from the statutes above cited. The appeal, therefore, was properly dismissed.

Order affirmed, with $10 costs and disbursements. All concur.

---

HOWE v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

1. CORPORATIONS (§ 204*)—STOCKHOLDERS SUING ON BEHALF OF CORPORATION.
  Since a stockholder may not in his individual right maintain an action for a direct injury to the corporation, a stockholder of a defunct corporation cannot have an accounting against another corporation which fraudulently acquired the majority of the stock of the defunct corporation and by that means sold its property to itself at an inadequate price and merged that corporation with itself.

  [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 783–790; Dec. Dig. § 204.*]

2. CORPORATIONS (§ 683*)—STOCKHOLDERS SUING ON BEHALF OF CORPORATION —REPRESENTATIVE ACTION.
  The courts of New York will in a proper case entertain jurisdiction of a representative action by resident stockholders on behalf of a foreign corporation.

  [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2662; Dec. Dig. § 683.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 629.

**3. CORPORATIONS (§ 691*)—STOCKHOLDERS—SUING ON BEHALF OF CORPORATION—JURISDICTION.**

The courts of this state will not entertain jurisdiction of a representative action by resident stockholders of a foreign corporation, where the foreign corporation has ceased to exist and is defunct under the laws of its domicile, for the devolution of the property of a foreign corporation is governed by the laws of its domicile, and the courts of another state should not undertake to administer the assets of such a corporation any more than they would in the case of a natural person.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2673–2677; Dec. Dig. § 691.*]

**4. PLEADING (§ 193*)—DEMURRER—WANT OF JURISDICTION.**

Where a complaint praying for an accounting alleged that plaintiff was a stockholder in a foreign corporation, and that defendant corporation, by fraud, acquired the majority of the stock of plaintiff's corporation, and then sold its property and merged it with defendant, the court's lack of jurisdiction appeared on the face of the complaint and could be taken advantage of by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 431; Dec. Dig. § 193.*]

Appeal from Special Term, New York County.

Action by Elizabeth F. Howe, on behalf of herself and all other stockholders of the Boston & New York Air Line Railroad Company similarly situated, against the New York, New Haven & Hartford Railroad Company. From an interlocutory judgment overruling a demurrer, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles M. Sheafe, Jr., for appellant.
Ernest G. Budington, for respondent.

MILLER, J. The grounds of the demurrer are that the court has not jurisdiction of the subject of the action, that there is a defect of parties defendant, and that the complaint does not state facts sufficient to constitute a cause of action. But those grounds are limited by specifications among which it is difficult to find a valid criticism of the complaint. However, in our view, there is an insuperable obstacle to the maintenance of the action, and it may be possible to construe one of the specifications so as to present the point.

The plaintiff alleges that the defendant, a Connecticut corporation, leased of the Boston & New York Air Line Railroad Company, a Connecticut corporation, its railroad and equipment, located in Connecticut, and agreed to keep the demised property in good order; that, for the purpose of depreciating the value of the said lessor's securities, the defendant allowed the leased property to fall into a state of disrepair, rendered the train service inefficient, caused rumors to be circulated that the roadbed, bridges, and structures were unsafe and dangerous, and, having thus depreciated the value of its stock, acquired a majority thereof, elected its entire board of directors, and caused a sale of all its property to be made to itself at an inadequate price in fraud of the rights of stockholders. It is also alleged that the defendant "caused said company pursuant to the statutes of the state of Con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

necticut to be merged into defendant, and from said date caused said Boston & New York Air Line Railroad to cease to exist or to exercise its franchises as an independent corporation or to elect directors and officers." The plaintiff was a stockholder of said Boston & New York Air Line Railroad Company, and the prayer for relief is that the defendant be required to account to her and such other stockholders similarly situated as should come in and contribute to the expense of the action, for the property thus acquired.

We may assume that a cause of action on behalf of the Boston & New York Air Line Railroad Company is alleged. But it is settled in this state that, in such a case, the direct injury is to the corporation, and that a stockholder may not maintain an action in his individual right. Niles v. N. Y. C. & H. R. R. Co., 176 N. Y. 119, 68 N. E. 142. To be sure, that was an action at law, while this is an action in equity for an accounting; but there is no such relation existing between the plaintiff and the defendant as entitles the former in her individual right to maintain an action for an accounting.

The learned justice at Special Term treated the action as a representative action on behalf of the corporation to have the sale and merger set aside and the corporation revived. No doubt, in a proper case, the courts of this state will entertain jurisdiction of a representative action by resident stockholders on behalf of a foreign corporation. Ernst v. Rutherford & B. S. Gas Co., 38 App. Div. 388, 56 N. Y. Supp. 403; Jacobs v. Mexican Sugar Refining Co., 104 App. Div. 242, 93 N. Y. Supp. 776; Miller v. Quincy, 179 N. Y. 294, 72 N. E. 116. But for the fact that the Boston & New York Air Line Railroad Company has ceased to exist, the plaintiff might possibly maintain an action in this state to compel a restoration of its property and franchises, if the court could get jurisdiction of the necessary parties. But the corporation has ceased to exist. The devolution of its property rights upon the death of a corporation must be governed by the laws of the state of its creation. The courts of this state should not undertake to administer foreign assets of a dead foreign corporation any more than it would do the like in the case of a natural person. If the defunct corporation had a right of action, it devolved according to the laws of Connecticut, and the plaintiff should therefore seek redress in the courts of that state. Vanderpoel v. Gorman, 140 N. Y. 563–572, 35 N. E. 932, 24 L. R. A. 548, 37 Am. St. Rep. 601.

Davis v. Cornue, 151 N. Y. 172, 45 N. E. 449, is cited for the proposition that the question of jurisdiction cannot be raised by demurrer. The Court of Appeals in that case decided that it was within the discretion of the Supreme Court to entertain jurisdiction. In that case, it was possible, by a judgment in personam, to effect the purpose of the suit. But it is difficult to perceive how a decree could be rendered in this state which would revive a corporation of the state of Connecticut, or how the courts of this state can administer the assets in Connecticut of a Connecticut corporation which has ceased to exist. Such matters are purely of local administration, with which the courts of this state should not attempt to interfere. It does not appear from the complaint upon whom the cause of action devolved upon the death of the

Connecticut corporation, and the seventh specification of the demurrer may therefore be deemed sufficient to present the point.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs.  All concur.