BOGERT et al. v. SOUTHERN PAC. CO.

(District Court, E. D. New York. July 13, 1914.)

1. CORPORATIONS (§ 210*)—STOCKHOLDERS—RIGHT TO SUE—PARTIES.

Where a stockholder sues to recover damages to his property, whether it consists of tangible assets or shares in the corporation the property of which if it should prove to have a surplus would be divided among its stockholders, he is not required to make the corporation holding the legal title a party, but otherwise, if his action is purely representative and he sues as a stockholder for the benefit of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 808–813; Dec. Dig. § 210.*]

2. EQUITY (§ 293*)—PLEADING—AMENDMENT—CONSTRUCTION.

Where a pleading has been dismissed on a definite ground, and the party amends or renews the pleading so as to obviate the difficulty, and the new pleading is capable of construction so as to avoid the difficulty as well as to be no different from the previous pleading, the construction which would respect the previous decision and conform thereto must be held to be the intended meaning.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 551, 565, 576; Dec. Dig. § 293.*]

3. CORPORATIONS (§ 209*)—ACTION BY OR AGAINST—BILL—LACHES.

Where complainant and his predecessor in title since 1891 had been interested in litigation to establish rights alleged in the present suit, and though complainant had never been nominally or actually a party in court, he had knowledge of the proceedings and had helped financially and by advice in their progress and brought the present suit after attempts by other parties had failed without a hearing on the merits, and it further appeared that the case could now be tried without prejudice to defendant in substantially as complete a way as if undertaken before, the bill would not be dismissed without a hearing on the merits on the ground that complainant was guilty of laches.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 806, 807; Dec. Dig. § 209.*]

In Equity. Bill by Henry L. Bogert and others, as executors of the will of Walter B. Lawrence, deceased, suing on behalf of themselves and other stockholders of the Houston & Texas Central Railway Company similarly situated, who may come in and contribute to the expenses of the action, against the Southern Pacific Company. Hearing on pleas interposed in defendant's answer. Denied, with leave to take advantage of the pleas on final hearing.

Dittenhoefer, Gerber & James, of New York City (A. J. Dittenhoefer, H. Snowden Marshall, David Gerber, Russell H. Landale, and Dudley F. Phelps, all of New York City, of counsel), for plaintiffs.

Arthur H. Van Brunt and Henry V. Poor, both of New York City, for defendant.

CHATFIELD, District Judge. Final hearing has been had upon certain pleas interposed in the answer of the defendant, and which, if any one be sustained, will make unnecessary determination of the

general issue on the claimed right to an accounting because of infliction of damage by the acts of the defendant, which are alleged to have been illegal and fraudulent.

The first plea has to do with the question of parties. It was previously held, in the case of Lawrence v. Southern Pacific Co. (C. C.) 180 Fed. 822, that necessary parties were absent, and appeal from the judgment of dismissal therein entered was dismissed in the Supreme Court of the United States. Bogert, as Executor of Lawrence, v. Southern Pacific Co., 228 U. S. 137, 33 Sup. Ct. 497, 57 L. Ed. 768.

[1] In the present action, the allegations of the complaint are the same as in the previous action, with the exception that the alleged wrongful acts are now set forth as the positive acts of the parties defendant, while the plaintiff (and those whom he seeks to have join with him as parties plaintiff) is basing his right to an accounting for acts causing damage upon allegations of injury to his own property by these alleged wrongful acts. If the action is purely representative, and if the plaintiff can sue only as a stockholder, for the benefit of the corporation, then the present complaint is no different from the one upon which judgment of dismissal has been granted. The cases of De Neufville Co. v. New York, etc., Ry. Co., 81 Fed. 10, 26 C. C. A. 306; Redfield v. Baltimore & Ohio R. R. Co. (C. C.) 124 Fed. 929; Ames v. American Tel. & Tel. Co. (C. C.) 166 Fed. 820; Hunnewell v. N. Y. Cent., etc., R. R. Co. (C. C.) 196 Fed. 543; Hyams v. Old Dominion Co. (D. C.) 204 Fed. 681; Niles v. New York Cent. R. Co., 176 N. Y. 119, 68 N. E. 142; Howe v. N. Y., N. H. & H. R. R. Co., 142 App. Div. 451, 126 N. Y. Supp. 1090; Thompson v. Stanley (Sup.) 20 N. Y. Supp. 317; Loewenstein v. Diamond Soda Water Co., 94 App. Div. 383, 88 N. Y. Supp. 313; Michel v. Betz, 108 App. Div. 241, 95 N. Y. Supp. 844; Knickerbocker v. Conger, 110 App. Div. 125, 97 N. Y. Supp. 127; McCrea v. McClenahan, 114 App. Div. 70, 99 N. Y. Supp. 689; Brown v. Utopia Land Co., 118 App. Div. 364, 103 N. Y. Supp. 50; Miller v. Crown Perfumery Co., 125 App. Div. 881, 110 N. Y. Supp. 806; Davenport v. Dows, 18 Wall. 626, 21 L. Ed. 938; Dewing v. Perdicaries, 96 U. S. 193, 24 L. Ed. 654; Central R. R. Co. of New Jersey v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949; Venner v. Great Northern Ry., 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. 666; Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, 37 L. Ed. 577; Eldred v. American Palace Car Co., 105 Fed. 457, 44 C. C. A. 554; Morshead v. Southern Pac. Co. (C. C.) 123 Fed. 350; and contra Kuchler v. Greene (C. C.) 163 Fed. 91; Ervin v. Oregon Ry. & Navigation Co. (C. C.) 20 Fed. 577; Crumlish v. Shenandoah Valley R. R. Co., 28 W. Va. 623; Fletcher v. Newark Telephone Co., 55 N. J. Eq. 47, 35 Atl. 903; Kidd v. New Hampshire Traction Co., 72 N. H. 273, 56 Atl. 465, 66 L. R. A. 574—have been cited and argued by both sides. None of them seem to be conclusive upon the present question. But the ordinary rules of equity would seem to make it possible for an individual to claim definite damage to his own property, whether that property be tangible assets or whether it be shares of stock in

a corporation whose property (if it should prove to have surplus or assets) would be divided among its stockholders. If the plaintiff fails in proving damage, or if he fails in proving property rights to which he, as a stockholder, had a clear title (exclusive of his representative rights) then the absence of the party who had the legal title, that is, the Houston and Texas Central Railway Company, would make it impossible for a representative action to be maintained. There is nothing in the pleadings or in the situation which renders it impossible upon the record for the plaintiff to show such a state of facts as would entitle him to recover, and this plea must therefore be overruled.

[2] The present complaint has left unchanged some of the language which might have been so worded as to render the intent of the plaintiff more easily ascertained. But where a pleading has been dismissed upon a definite ground and the party amends or renews the pleading so as to obviate the difficulty, and where the new pleading is capable of construction so as to avoid the difficulty, as well as to be no different from the previous pleading, the construction which would respect the previous decision and conform thereto must be held to be the intended meaning.

[3] Another plea in bar is based upon the legal defense of the statute of limitations, and is urged in the form of an estoppel because of laches through a period exceeding that of the term defined as a defense at law. This plea comes up in several forms. In the first place, the present plaintiff and his predecessor in title has, throughout all these years, been interested in litigation which, starting with the year 1891, has continued to the present time. He has never been nominally or actually a party in court, but where the proceedings have been in equity, he had the right to join and has not done so. He knew of the proceedings and helped financially and by advice in their progress. The defendant urges that he has elected not to begin any action on his own part until the other attempts by different parties have in turn failed, and therefore elected between two inconsistent remedies. Harrill v. Davis, 168 Fed. 187, 94 C. C. A. 47, 22 L. R. A. (N. S.) 1153; Mills v. Parkhurst, 126 N. Y. 89, 26 N. E. 1041, 13 L. R. A. 472; In re Garver, 176 N. Y. 386, 68 N. E. 667; Henry v. Herrington, 193 N. Y. 218, 86 N. E. 29, 20 L. R. A. (N. S.) 249; Baird v. Erie R. R. Co., 210 N. Y. 225, 104 N. E. 614.

It is not necessary to consider whether, if the testator had attempted to bring some of the previous actions and had thus elected to present his claim for remedy in that form, he would now be held to have waived his rights and to be estopped from urging the same alleged rights in this present form of action. Klipstein & Co. v. Grant, 141 Fed. 72, 72 C. C. A. 511; In re Jacob Berry, 174 Fed. 409, 98 C. C. A. 360; Bobbs-Merrill Co. v. Strauss, 147 Fed. 15, 77 C. C. A. 607, 15 L. R. A. (N. S.) 766; Iversen v. Minnesota Mutual Life Ins. Co. (C. C.) 137 Fed. 268; Bracken v. Atlantic Trust Co., 167 N. Y. 510, 60 N. E. 772, 82 Am. St. Rep. 731.

It is urged by the defendant that its records have been lost, witnesses have disappeared, that the lapse of time has rendered it impossible to fairly try the case, and that this has occurred with the knowl-

edge of the plaintiff's predecessor (testator) throughout such a period that he should not now be allowed to take advantage of his previous neglect. The various records of the case, however, indicate that no serious difficulties are presented upon this score, and that, strange as it may seem, the case can now be tried with a record of the necessary testimony, in substantially as complete a way as if undertaken many years ago.

The various suits which have been instituted and the decisions rendered thereon need not be discussed, but should be enumerated as follows: Carey v. H. & T. C. Ry. Co. (C. C.) 45 Fed. 438 (1891); Id. (C. C.) 52 Fed. 671 (1892); stockholders held not entitled to decree enjoining carrying out of plan of reorganization, or to have foreclosure set aside as fraudulent. Carey v. H. & T. C. Ry. Co., 150 U. S. 170, 14 Sup. Ct. 63, 37 L. Ed. 1041 (1893); appeal to Supreme Court from decree of Circuit Court dismissed. Carey v. H. & T. C. Ry. Co., 9 C. C. A. 687, 13 U. S. App. 729 (1894); decree of Circuit Court affirmed by Circuit Court of Appeals for the Fifth Circuit. Carey v. H. & T. C. Ry. Co., 161 U. S. 115, 16 Sup. Ct. 537, 40 L. Ed. 638 (1896); appeal to Supreme Court from decree of Circuit Court of Appeals dismissed. Gernsheim v. Olcott, 7 N. Y. Supp. 872 (1889)[1]; 10 N. Y. Supp. 438 (1890)[2]; Gernsheim v. Central Trust Co., 61 Hun, 625, 16 N. Y. Supp. 127 (1891); stockholders held not entitled to reduction of assessment or to injunction against distribution of stock of new company under reorganization. MacArdell v. Olcott, 104 App. Div. 263, 93 N. Y. Supp. 799 (1905); Id., 189 N. Y. 368, 82 N. E. 161 (1907); action by stockholders to set aside foreclosure sale and annul reorganization agreement on ground of fraud dismissed. MacArdell v. Olcott, 62 App. Div. 127, 70 N. Y. Supp. 930 (1901); application of stockholder for leave to intervene denied for laches. Lawrence v. Southern Pacific Co. (C. C.) 165 Fed. 241 (1908); Id. (C. C.) 177 Fed. 547 (1910); Id. (C. C.) 180 Fed. 822 (1910); action by stockholder for accounting and other relief; motions to remand denied and suit dismissed. Bogart v. Southern Pacific Co., 228 U. S. 137, 33 Sup. Ct. 497, 57 L. Ed. 768 (1913); appeal to Supreme Court from decree of Circuit Court in Lawrence v. Southern Pacific Co., supra, dismissed. MacArdell v. Olcott (N. Y. Court of Appeals, October 29, 1907) 189 N. Y. 369, 82 N. E. 161, affirming 104 App. Div. 263, 93 N. Y. Supp. 799, supra, with statement of limitations in the complaint. In the last-named case, the court (two judges dissenting) did not attempt to consider the merits of this transaction, but expressly stated that the present form of action was not presented by that complaint.

The matter has always been disposed of upon questions of pleading, or with respect to the validity of the foreclosure action. The plaintiff seems to have at last brought the matter up in such a way that the issue can be heard. If any of the pleas in bar should be sufficient, the rights of the defendant to renew those pleas, at the close of the tes-

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 55 Hun, 606.

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 644.

timony in the entire case, will be preserved to him; but upon the present record and upon the preliminary hearing, the pleas in bar will be overruled and the case put upon the calendar for hearing upon the entire issue, as well as the pleas involved herein.