(174 App. Div. 928)

## VAN CLEAVE v. DEMOREST et al.

(Supreme Court, Appellate Division, Second Department. September 29, 1916.)

CORPORATIONS ⊙⟿202—ACTIONS—RIGHT TO MAINTAIN.

One owning the entire capital stock, or practically the entire stock, of a corporation cannot maintain in his own name a suit to enforce the right of the corporation to land, title to which was in it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 777–780, 822; Dec. Dig. ⊙⟿202.]

Appeal from Special Term, Kings County.

Action by Robert A. Van Cleave against William C. Demorest and

others. .From a judgment dismissing the complaint on the ground that it stated no cause of action, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUT- · NAM, JJ.

M. V. McDonald, of Brooklyn, for appellant.

Charles E. Rushmore, of New York City, for respondents Demorest, Alco Building Co., Realty Trust, and Conklin.

Frederick C. Tanner, of New York City, for the respondent Metropolitan Life Ins. Co.

Elek John Ludvigh, of New York City, for respondents Adrian Building Co. et al.

PER CURIAM. The fact that at the beginning of this suit appellant owned all excepting four shares of the capital stock of the Van Cleave Construction Company did not entitle him to maintain this suit in his individual name. The title to the land was in the corporation, which was party to the building and loan agreements mentioned in the complaint. Even had plaintiff wholly controlled the corporation by ownership of every share of its corporate stock, he would not thereby, as a natural person, have legally become the corporation so as 'to bring an independent suit to enforce a corporate right. Knickerbocker v. Conger, 110 App. Div. 125, 97 N. Y. Supp. 127; Greaves v. Gouge, 69 N. Y. 154; Smith v. Hurd, 12 Metc. 371, 46 Am. Dec. 690; Wells v. Dane, 101 Me. 67, 63 Atl. 324; 10 Cyc. 995.

The judgment of dismissal of the complaint is therefore affirmed, with costs.