## SIOUX NAT. BANK v. NORFOLK STATE BANK et al.

(Circuit Court of Appeals, Eighth Circuit. May 15, 1893.)

### No. 189.

DECEIT—FRAUDULENT REPRESENTATIONS—MATERIAL INDUCEMENT.

In an action to recover for false representations made by defendant as to the financial condition of a merchant, whereby, plaintiff alleges, he was induced to make loans to such merchant, resulting in losses, it is not a defense that plaintiff also made some other examination and inquiries, for the action may be maintained if the false representations were a material, though not the sole, inducement to making the loans.

In Error to the Circuit Court of the United States for the District of Nebraska. Reversed.

W. L. Joy, A. L. Hudson, A. F. Call, and C. L. Joy, for plaintiff in error.

W. M. Robertson, F. P. Wigton, and George L. Whitham, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This was a suit which was filed in the circuit court by the Sioux National Bank, doing business in the state of Iowa, against the Norfolk State Bank, a corporation of Nebraska, and R. A. Stewart and C. B. Burrows, wherein the plaintiff charged, in substance, that it had been induced, by false and fraudulent representations made by the defendants as to the means, commercial standing, and credit of one W. W. Marple, to loan to said Marple a large sum of money, to wit, $15,000, which had eventually been lost in consequence of the loan.

The complaint alleged, in substance and in legal effect, that the representations complained of were contained in a letter that had been written by the president of the Norfolk State Bank to the Sioux National Bank on June 11, 1890, and that other representations of a similar nature had been made orally by the officers of the Norfolk State Bank, and that such representations, both oral and written, were false, and were made for the fraudulent purpose of giving to Marple a sufficient credit with the Sioux National Bank to enable him to borrow of that bank enough money to pay his indebtedness to the Norfolk State Bank, of which he was at the time a customer and debtor. The answer that was filed by the defendants denied all of the allegations of fraud. There was a trial before a jury, and a verdict in favor of the defendants.

In the course of the trial the plaintiff offered in evidence the let-

ter above referred to, of date June 11, 1890, and also offered testimony tending to show that before any money was loaned to Marple some oral representations had been made to the plaintiff by the defendant bank's cashier, touching the solvency of Marple, his responsibility, and commercial standing.   In the course of the trial it also transpired that Marple had resided for some years at Norfolk, Neb., where the defendant bank is located, before the alleged false representations were made, and that he had done business there as a dealer in cloths and gentlemen's furnishing goods, and had been a customer of the Norfolk State Bank, and owed it a considerable sum of money; that at the time the alleged false representations were made Marple was about to transfer his business to Sioux City, Iowa, where the plaintiff bank is located; and that the loans made by the plaintiff on the strength of the alleged representations, were made immediately after Marple had transferred his business to Sioux City.

There was also evidence which tended to show that the plaintiff's assistant cashier had on one occasion gone through Marple's establishment, after his removal to Sioux City, and had looked over his stock, but that this visit and examination was not made until after considerable advances had been made to Marple.   It was further shown that, about the time that Marple removed to Sioux City, the Sioux National Bank had written to the Norfolk National Bank, another bank located at Norfolk, Neb., making inquiries relative to the financial condition of Marple, but what information was acquired from that source the record does not disclose.   The plaintiff's officers gave evidence tending to show that they would not have made the loans in question but for the oral and written representations of which they complain; and that at the time the loans were made Marple was practically insolvent, although he had been represented by the defendants to be worth about $15,000.   In this condition of the record, the circuit court, among other things, charged the jury as follows, and its action in that regard is assigned for error:

"Now, what are the facts about this letter?   Assuming everything that is stated there is false, and that the defendant knew them to be false, and made them for the specific purpose—that is, the alleged fraudulent purpose—of enabling Marple to procure the money; even assuming that all that is true,— did the Sioux City bank rely solely upon the letter and alleged declarations when the money was advanced to Marple, or did they resort to other sources, or did they write to any other bank in order to make inquiries about the financial standing of Mr. Marple in Norfolk, where he had been doing business, and rely in part on what others stated?   Did they go into the business house of Marple and look over the property in order that they might be satisfied from an inspection of the business, and rely in part on those declarations and their own knowledge of what they saw and heard at the place of business of Marple?   If they did, then the party would not be liable, even if all was said by Mr. Stewart that is claimed on the other side, and what is contained in this letter."

In giving this instruction, which is in substance a direction that the plaintiff could not recover unless the written and oral representations complained of were the sole inducing cause of the loans

to Marple, we think that the learned trial judge committed an error which was not cured or qualified by any other portion of the charge. It is well settled that a false representation may entitle a party to maintain a suit even though it was not the sole cause of the bargain or transaction out of which the injury arose. It is enough to entitle a plaintiff to recover if the false representation complained of was a material inducement to the contract or transaction which occasioned the injury, although there may have been other co-operating inducements. Safford v. Grout, 120 Mass. 20–25; Matthews v. Bliss, 22 Pick. 48–52; Cooley, Torts, (2d Ed.) 587, and citations.

Counsel for the defendant in error have made no attempt in this court to sustain the action of the circuit court in giving the instruction above quoted. They insist, however, that the error complained of was not prejudicial, for the reason that there was no evidence tending to establish the alleged fraud, and that the case should have been withdrawn from the jury. With reference to that contention, it is sufficient to say, that we have gone over the testimony which is preserved in the record, and that we fully agree with the trial court in holding, that the case is one, especially upon the issue of fraud, which should properly be determined by a jury.

For the reasons above indicated the judgment is reversed, and the cause is remanded to the circuit court, with directions to grant a new trial.