## BANKERS' TRUST CO. v. KIEHNE.

(Circuit Court of Appeals, Eighth Circuit. December 6, 1921.)

No. 5498.

**Equity ⬳362—Bill not subject to dismissal on motion because of adequate remedy at law.**

Where a bill states a cause of action in equity, the objection that complainant has an adequate remedy at law is not properly raised by a motion to dismiss.

Appeal from the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Suit in equity by August Kiehne against the Bankers' Trust Company. Decree for complainant, and defendant appeals. Affirmed.

Etheridge, McCormick & Bromberg, of Dallas, Tex., for appellant.

William H. Winter and Winter, Goldstein, Miller, McBroom & Scott, all of El Paso, Tex., for appellee.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

CARLAND, Circuit Judge. The following statement taken from the brief of counsel for appellee fairly states the purpose of this action:

"On February 16, 1917, appellee sued appellant in the District Court of the United States for the District of New Mexico, by bill in equity, whereby appellee sought to enjoin the prosecution by appellant of a suit filed by appellant against appellee to recover judgment on a note for $18,000 executed by appellee to appellant, and wherein also appellee sought to have a contract of subscription for 2,000 shares of stock in the Bankers' Trust Company, therein referred to, delivered up and canceled and surrendered to appellee, and, wherein appellee sought to have the $18,000 note which appellant had brought suit upon to recover judgment against appellee, delivered up and canceled and surrendered to appellee, and wherein appellee sought to recover judgment against the appellant for the sum of $5,000, paid by appellee to appellant, with interest thereon, and wherein appellee sought to have his name removed and stricken from the stock books and corporation records of the said appellant, Bankers' Trust Company."

Appellee recovered judgment. There was a motion to dismiss appellee's amended complaint which was denied.

It is contended that the court erred in so ruling because appellee's complaint was bad for want of equity. There is nothing in the contention that appellee was as much a party to the fraud as appellant. Washer v. Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320, is not in point. Even if appellee had an adequate remedy at law, a motion to dismiss was not the remedy. Pierce v. National Bank of Commerce (C. C. A.) 268 Fed. 487; section 274b, Judicial Code, amendment of March 3, 1915. 38 Stat. 956 (Comp. St. § 1251b). There was no error in the refusal of the court to transfer the case to the law docket, as it was not one that ought to have been brought at law.

Judgment affirmed.