## LEONARD v. NORTHWESTERN NAT. INS. CO. OF MILWAUKEE, WIS.

(Court of Appeals of District of Columbia. Submitted May 2, 1923. Decided June 4, 1923.)

### No. 3919.

1. **Insurance $\textcircled{\tiny{=}}$319(1)—Insured cannot plead ignorance of use of property increasing hazard.**

Insured cannot avoid forfeiture of the policy in accordance with its terms because of use of the property increasing the hazard, by pleading ignorance that the property was being put to such use by his tenant, since the question whether a warranty has been broken can never depend on the knowledge or ignorance of the party making it touching the facts constituting the breach.

2. **Insurance $\textcircled{\tiny{=}}$326(3)—Breach of provision in fire policy against increase of hazard forfeits policy.**

Where a fire policy provided it should be void in case of any fraud or false swearing, or if the hazard be increased or gasoline be stored on the premises, a breach of those provisions by the use of the building, which had been designated as a stable, for the baling of excelsior by a gasoline-driven machine, the fuel for which was stored on the premises, and by false statements of insured after the fire as to the use of the premises, prevents a recovery on the policy.

3. **Insurance $\textcircled{\tiny{=}}$668(9)—Verdict properly directed for insurer, where insured admitted breach.**

In an action on a building fire insurance policy, where plaintiff admitted breach of the terms of the policy by use increasing risk, but sought to maintain his action thereon, no issue was left to be submitted to the jury, and a verdict for defendant was properly directed.

4. **Insurance $\textcircled{\tiny{=}}$654(1)—Expert testimony as to rates for different uses is admissible to show increased hazards.**

In an action on a fire insurance policy, where the defense was use of the building which increased the hazard, expert testimony on behalf of defendant as to the rates charged for buildings used for the different purposes was competent to show an increase of hazard.

5. **Appeal and error $\textcircled{\tiny{=}}$1069(1)—Statements in jury's presence are not prejudicial, where verdict was directed.**

Statements made in the presence of the jury were not prejudicial to plaintiff, where the case was not submitted to the jury for its determination, but verdict was directed for defendant.

Appeal from the Supreme Court of the District of Columbia.

Action by Bernard Leonard against the Northwestern National Insurance Company of Milwaukee, Wis. Judgment for defendant on directed verdict, and plaintiff appeals. Affirmed.

Francis P. Sheehy and Vincent A. Sheehy, both of Washington, D. C., for appellant.

Myer Cohen, F. J. Hogan, and E. L. Jones, all of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellant brought an action in assumpsit in the Supreme Court of the District of Columbia against appellee insurance company to recover on a policy of fire insurance.

$\textcircled{\tiny{=}}$For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears that the plaintiff was the owner of premises located in this District, on which was situated a two-story brick stable building. On March 17, 1917, the defendant company issued to the plaintiff a policy of insurance on the stable against loss or damage by fire. The term of the policy was for three years, and the building was described therein as a "two-story brick stable (private business)." At the time of the issuance of the policy the building was occupied by an undertaker, who used it as a stable in which he kept a number of horses and carriages in connection with his private business. About two months after the policy was issued, plaintiff rented the stable to the Larimer Bag Company, who used the building for the storing of burlap bags and for the baling and storing of excelsior. The baling process was accomplished by the use of a hay baler operated by a gasoline engine. The gasoline was stored in the base of the engine. At no time after its occupancy by the bag company were any horses or carriages kept in the building.

After the damage by fire, plaintiff notified defendant company of his loss, and demanded reimbursement under the policy of insurance. Defendant, on investigation, discovered the use to which the building had been put, and denied any liability under the policy. At the conclusion of the evidence, the court directed the jury to return a verdict in favor of defendant company, and from the judgment thereon this appeal was taken.

It is unnecessary to review the evidence, since the case can be disposed of on a single proposition of law. The policy of insurance, among other things, provided that it should be void—

"in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss, * * * or if the hazard be increased by any means within the control or knowledge of the insured, * * * or if any change, other than by death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise, or if * * * there be kept, used, or allowed on the above-described premises benzine, benzole, dynamite, ether, fireworks, gasoline, greek fire, gunpowder exceeding 25 pounds in quantity, naptha, nitroglycerin, or other explosives, phosphorus, or petroleum, or any of its products of greater inflammability than kerosene oil."

The record fails to disclose any effort on the part of the plaintiff to comply with the above provisions of the policy. Immediately following the fire he directed a letter to the company in part as follows:

"The property was rented under contract dated June 20, 1917, to the Larimer Bag Company, to be used as a stable. I understand, however, that the tenant used the place for the storage of his car, and recently has been using it for the purpose of baling excelsior. He made these changes in the use of the premises without my knowledge or consent."

Subsequently plaintiff, apparently realizing that the letter in no way complied with the requirements of the policy, rendered a statement under oath in which he stated that:

"The building was rented as a stable to the Larimer Bag Company. There have been no changes in the possession, exposures, or title to said property since the issuance of said policy."

[1] These equivocal reports to the company are of little importance, since he was bound to know the terms of the policy. Hamburg-Bremen Fire Ins. Co. v. Lewis, 4 App. D. C. 66; Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231. Nor does the law accord plaintiff any consideration because of ignorance of the uses to which the premises were put. In Liverpool & London & Globe · Ins. Co. v. Gunther, 116 U. S. 113, 6 Sup. Ct. 306, 29 L. Ed. 575, a case in which the insured property had been put to a prohibited use, and the insured pleaded ignorance, the court said:

"It is equally unimportant that the respondent was ignorant that such business was carried on. The question whether a warranty had been broken can never depend upon the knowledge or ignorance or intent of the party making it, touching the acts or the fact constituting the breach. Matson v. Farm Buildings Insurance Co., 73 N. Y. 310."

[2] Conditions such as were contained in the present policy are usual in insurance contracts, and generally have been held to be binding upon the insured. A failure, therefore, on the part of the insured to conform strictly to the provisions of the contract, forecloses the right of recovery thereon. Insurance Co. v. Gunther, supra; Dumas v. Insurance Co., 12 App. D. C. 245, 40 L. R. A. 358; Mitchell v. Insurance Co., 16 App. D. C. 241; Hunt v. Insurance Co., 20 App. D. C. 48.

[3] Plaintiff places reliance upon the decision of this court in Marks et al. v. Insurance Co., 52 App. D. C. 225, 285 Fed. 959. That case, however, is not in point, since there was a sharp conflict in the evidence as to whether the condition of the contract had been violated by the insured. This raised an issue of fact, which called for the submission of the case to the jury. For this reason it was held error for the court to withdraw the case from the consideration of the jury. In the present case plaintiff is seeking to maintain his right of action, notwithstanding the violation of the express terms of the contract. Concession of the breach, therefore, left no issue of fact to be submitted to the jury.

[4] Error is assigned, in that the court permitted an insurance expert to testify, on behalf of defendant, to the difference in rates of insurance on different classes of risks, as tending to show the increase of hazard occasioned by plaintiff's subletting the premises for use in a more hazardous business than that for which it was insured. This evidence was clearly competent in support of the chief defense interposed by the defendant.

[5] Other assignments of error in respect of statements made in the presence of the jury are unimportant, since the case was not submitted to the jury for its determination, and plaintiff could not, therefore, be prejudiced by the statements made.

The judgment is affirmed, with costs.