## WOODS–FAULKNER & CO. v. MICHELSON.

### No. 9553.

Circuit Court of Appeals, Eighth Circuit.

Feb. 17, 1933.

Rehearing Denied April 3, 1933.

**570**

James A. Reed and James E. Taylor, both of Kansas City, Mo., for appellant.

I. J. Ringolsky, William G. Boatright, Harry L. Jacobs, Ringolsky, Boatright & Jacobs, and D. S. Millman, all of Kansas City, Mo., for appellee.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

GARDNER, Circuit Judge.

This is a suit in equity, brought by the appellee as plaintiff below, against the appellant, for the rescission of a contract of sale of 500 shares of the capital stock of the Arrow Aircraft & Motors Corporation. For convenience, the parties will be referred to as they appeared in the lower court.

Plaintiff alleges that he was induced to purchase the stock by certain false and fraudulent representations made by the defendant, which he believed and upon which he relied. So far as here pertinent, these representations are as follows:

That the defendant falsely and fraudulently represented to plaintiff that, if he would buy the shares of stock involved in this suit at $12.50 per share, defendant would repurchase same from him at the same price, and that this representation was made by de-fendant with no intention on its part to repurchase the stock sold by it at $12.50 a share. It is then alleged that defendant refused to purchase from plaintiff at $12.50 per share, the stock sold him by it, to plaintiff's damage in the sum of $6,250.

Defendant, in its answer, sought apparently to challenge the sufficiency of the facts pleaded in the bill of complaint to constitute a cause of action in equity, but did not interpose a motion to dismiss the complaint for want of equity. Instead, it joined issue with the allegations of the bill, and in effect denied making the alleged false and fraudulent representations to plaintiff.

On trial the lower court found in favor of the plaintiff on this issue, and entered decree for the rescission of the contract of sale and for the recovery of the purchase price paid by the plaintiff, the decree providing that defendant should pay the amount of the judgment to the clerk, whereupon the clerk should pay the same over to the plaintiff, upon his depositing with the clerk the 500 shares of stock properly indorsed, which stock should then be delivered to defendant.

From the judgment so entered, defendant prosecutes this appeal, urging that (1) the court erred in finding that plaintiff purchased the 500 shares of stock in controversy from the defendant; (2) the court erred in finding that plaintiff relied upon the alleged misrepresentations; (3) the court erred in finding that the alleged misrepresentations were material to the sale of the stock; (4) the court erred in refusing to dismiss the bill, for the reason that no damage to plaintiff was pleaded or proven; (5) the court erred in not dismissing the bill, because no cause of action was stated therein; (6) the court erred in not dismissing the bill, because plaintiff failed to maintain the burden of proof; and (7) the court erred in refusing to dismiss the bill, because plaintiff had a plain, adequate, and complete remedy at law.

■ It should first be observed that the lower court has found the material issues in favor of plaintiff. These findings are presumptively correct, and should not be disturbed, unless it appears that a serious mistake has been made in the consideration of the facts, or an obvious error has been committed in the application of the law. Central Republic Bank & Trust Co. v. Caldwell (C. C. A. 8) 58 F.(2d) 721; Hodges v. Meriwether (C. C. A. 8) 55 F.(2d) 29; Karn v. Andresen (C. C. A. 8) 60 F.(2d) 427; Lion Oil Refining Co. v. Albritton (C. C. A. 8) 21 F.(2d) 280.

■ It is contended by appellant that plaintiff's evidence touching the matter of the purchase of this stock is so contradictory and evasive, and so far outside the usual conduct of affairs, as not to be worthy of credence; but the lower court was in better position than we are to judge of the credibility of witnesses and the proper weight to be given to their testimony. There was evidence from which the court was warranted in finding that defendant owned this stock and was trying to sell it through one Moses. It was sent to Kansas City to fill an order of one Davidson, but Davidson refused to accept it. The stock therefore, still belonged to the defendant, and its agent was authorized to sell it for defendant to any one who would buy. Plaintiff paid for the stock, and defendant's account in the Kansas City bank was credited with the purchase price. Defendant signed a receipt for the purchase price so paid, and Moses testified that he sold it to plaintiff for defendant and so advised defendant. Plaintiff likewise testified that he bought the stock from defendant. Whatever uncertainty or conflict there may have been in the testimony with reference to the stock having been purchased from the defendant was resolved by the lower court in favor of the plaintiff, and we are of the view that this finding should not be disturbed.

■■ It is next urged that the evidence does not sustain the finding that the plaintiff relied upon the alleged representations, and in support of this contention it is urged that plaintiff, before purchasing this stock, wrote the Wall Street Finance Bureau of New York for information regarding it, and that he about the same time wrote defendant requesting it to send its circular and other information concerning the stock to this finance bureau. If plaintiff acted in reliance upon his own judgment or knowledge, based upon an independent investigation, he could not be heard to complain of defendant's misrepresentations. Farrar v. Churchill, 135 U. S. 609, 10 S. Ct. 771, 34 L. Ed. 246; Southern Development Co. v. Silva, 125 U. S. 247, 8 S. Ct. 881, 31 L. Ed. 678; Farnsworth v. Duffner, 142 U. S. 43, 12 S. Ct. 164, 35 L. Ed. 931. Yet the mere fact that the purchaser inquires and receives some information from others does not preclude him from attacking the sale, and this is particularly true when information is obtained from the defendant itself. An inquiry that does not bring to the purchaser knowledge of the truth, or such facts as charge him with knowledge of the truth, does not affect his right of recovery. Tooker v. Alston (C. C. A. 8)

159 F. 599, 16 L. R. A. (N. S.) 818; Sioux National Bank v. Norfolk State Bank (C. C. A. 8) 56 F. 139.

■ It is here observed that the defendant sent to the finance bureau the prospectus or circular, which is alleged to be false, as a basis for the bureau's analysis. In addition to this, plaintiff denies that he ever received any information from the Wall Street Finance Bureau in response to his inquiry. In any event, any analysis that the Wall Street Finance Bureau might have furnished to plaintiff, would have had no possible bearing upon the misrepresentations as to the maintenance of the market and the agreement to repurchase the stock. This was wholly outside of the circular, and no information which the Wall Street Finance Bureau could possibly have furnished plaintiff would have any bearing upon the truth or falsity of this representation, but must of necessity have related to collateral matters. It appears also that this inquiry was made with reference to the proposed purchase of 1,000 shares of the stock, but these negotiations were abandoned, and later new negotiations were instituted, which resulted in the consummation of the sale in question. It was during these latter negotiations that the representations were repeated, and upon the strength of which plaintiff purchased the stock. We conclude that plaintiff was not precluded from maintaining this suit by reason of any independent investigation.

■ It is mildly suggested by appellant that the alleged misrepresentations were not material. The representation must, of course, be in regard to a material fact, and, while it is not necessary that the false representation should have been the sole cause of the sale, yet it must have been such that without it the contract would not have been made. It seems perfectly obvious that the false representation, which the court found had been made, was a material one. Old Colony Trust Co. v. Light & Traction Co. (C. C.) 89 F. 794; Knudsen v. Domestic Utilities Mfg. Co. (C. C. A. 9) 264 F. 470; Rogers v. Virginia-Carolina Chemical Co. (C. C. A. 3) 149 F. 1.

Neither is it past belief, as argued by defendant, that defendant should have represented that it would, if necessary, repurchase this stock at $12.50 per share. Indeed, the record sustains the conclusion that such practice on behalf of investment houses was freely indulged in for the purpose of inducing the public to trade in stocks. Plaintiff testified that he did not think he would have

572.

purchased this stock but for the representations made by the defendant, because defendant had no past history, and that, if he had known the representations were not going to be carried out, he would not have purchased the stock. On this question plaintiff testified as follows:

"Q. If you had known, Mr. Michelson, at that time that any of these statements made by Mr. Moses were not going to be carried out, the representations, and were false, would you have purchased this stock? A. No.

"If I knew that any of the statements contained in this circular Exhibit 5 were false, I would not have purchased the stock. In about thirty days or less after I had purchased the stock, it started going down below $12.50. Finally, there was no sale for it at all. It was not quoted, listed, nor you could not get an offer for it. I called Mr. Moses on a good many occasions and told him that he represented to me the price of this stock of $12.50 was guaranteed by Woods-Faulkner and Company and the price was going to be right along and that I wanted my money back from him. He stated that he would see the Woods-Faulkner Company and let me know. I made positive demands of him to get my money back for me, that I wanted to turn the stock back again."

Nor does there seem to be any sound basis for the contention that no damages were either pleaded or proved. If the proof showed damage, appellant cannot now attack the judgment upon the ground that the bill of complaint did not plead damages, especially in view of the fact that there was no motion to dismiss. Glaspie v. Keator (C. C. A. 8) 56 F. 203; United Kansas Portland Cement Co. v. Harvey (C. C. A. 8) 216 F. 316; Keener v. Baker (C. C. A. 8) 93 F. 377.

There is evidence in the record that the shares of stock dropped from $12.50 per share to less than $2 per share, and the trial court found that there were damages. Neither do we think it can properly be urged that the bill did not plead damages. It set out the representations as to the value of certain assets, and the representation that the stock would be maintained at a certain price, and that defendant would repurchase at that price, and alleged that these representations were false. From the falsity of these representations injury must inevitably follow.

This is a suit in equity to rescind a contract, and not an action at law for damages on account of fraud and deceit. If the action were one to recover damages for fraud and deceit, it could not be maintained if the stock was still worth as much as plaintiff had paid for it; but where, as in the instant case, rescission is sought, which necessitates a return of the purchased article and a recovery back of the purchase price paid, the fact that the purchased article may have some value in no way militates against the right to maintain the suit. The distinction between the two remedies is pointed out by this court in Kimber v. Young, 137 F. 744, 747, where it is said: "The basis of the action of deceit is the actual fraud of defendant—his moral delinquency; and therefore his knowledge of the falsity of the representation, or that which in law is equivalent thereto, must be averred and proved. There is much confusion in the authorities upon this subject, due in part to the erroneous assumption that that which is merely evidence of fraud is equivalent to the ultimate fact which it tends to prove, and also to the assumption, likewise erroneous, that an untrue representation which would be sufficient to support a suit in equity for a rescission of a contract is equally as available in an action of deceit."

While the elements essential to sustain an action at law for fraud and deceit are sufficient to sustain a suit in equity for rescission of the contract of sale, the converse of this statement is not true. Even an innocent misrepresentation is sufficient to sustain an action to rescind, while, to sustain an action for damages for fraud and deceit, the representation must have been actually fraudulent, involving moral delinquency. Damage is not the gist of an action for rescission, and, while it is essential that the party complaining shall have been prejudiced or injured by the fraud, yet it is not necessary that the damage or prejudice be monetary.

The distinction is further discussed by this court in Issenhuth v. Kirkpatrick, 258 F. 293, 295, where it is said: "The plaintiff elected to sue at law for his damages. He did not offer to return the shares of stock which stood in his name. He did not seek a cancellation of his outstanding notes, but asked only for a money judgment of an amount equal to the money he had paid defendant and to the amount of his obligation on the unpaid notes. The action was therefore one at law. Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Curriden v. Middleton, 232 U. S. 633, 34 S. Ct. 458, 58 L. Ed. 765; White v. Boyce (C. C.) 21 F. 228; 1 Pom.

Eq. Jur. § 237. He had a choice between two remedies—either to rescind the purchase and recover what he had paid, or to affirm the contract and to sue for the damages he had sustained. The remedies were inconsistent, and an election of one was an abandonment of the other."

This being a suit for rescission rather than an action at law for damages, we think the pleading and proof as to damages suffered by plaintiff were sufficient.

As has already been observed, defendant did not interpose a motion to dismiss the bill of complaint. It is alleged in the complaint that, at the time of making the representation that defendant would maintain the market price of the stock at $12.50 per share, it did not intend to maintain such price, and did not intend to buy back the stock it had sold, if necessary, in order to maintain the market, and knew that it did not so intend when it made such representation. This is an allegation of fact that defendant did not intend to carry out its promise and representation.

It is also contended by defendant that there was no proof that it did not intend to carry out its alleged promise to maintain the market. The testimony of Mr. Faulkner, defendant's vice president, was to the effect that the intention of defendant was to maintain the market only for a limited time, until the public interest was stimulated. He testified, too, that the representation and promise to repurchase the stock at $12.50 had not been made, and in fact that a corporation the size of defendant could not make such an agreement, nor carry it out. It is observed, too, that defendant, by its answer, denied having made this representation, and it likewise denied having authorized any such representation to be made by its agents. These denials would seem to imply a denial of an intention to make good such representation. Defendant could not consistently claim both that it did not make the representation, yet that it intended to carry out or make good such a representation. State ex rel. St. Lou-

is-San Francisco Ry. Co. v. Daues, 316 Mo. 474, 290 S. W. 425; Foster v. Dwire, 51 N. D. 581, 199 N. W. 1017, 51 A. L. R. 21; Braddy v. Elliott, 146 N. C. 578, 60 S. E. 507, 16 L. R. A. (N. S.) 1121, 125 Am. St. Rep. 523. We think there was substantial evidence both that the defendant made the promise and that it did not intend to make it good.

■ It is finally argued that plaintiff's bill should have been dismissed because he had a plain, adequate, and complete remedy at law. As has already been noted, neither a motion to dismiss nor a motion to transfer the suit to the law side of the docket was interposed. A bill will not be dismissed upon the sole ground that an adequate remedy at law exists, but in that event the case should be transferred to the law side. Equity Rule 22 (28 USCA § 723); Fay v. Hill (C. C. A. 8) 249 F. 415; Brown v. Kossove (C. C. A. 8) 255 F. 806; Bankers' Trust Co. v. Kiehne (C. C. A. 8) 277 F. 65; Pierce v. National Bank of Commerce (C. C. A. 8) 268 F. 487; Williamson v. Chicago Mill & Lbr. Corp. (C. C. A. 8) 59 F.(2d) 918; Miller v. Union Assur. Society (C. C. A. 8) 39 F.(2d) 25; Corsicana Natl. Bank v. Johnson, 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141.

■ But we do not deem the matter of procedure important, because, in our view, plaintiff had a right, if he so chose, to resort to a court of equity for the purpose of rescinding the contract, instead of suing for damages for fraud and deceit. This court in Issenhuth v. Kirkpatrick, supra, speaking on this subject, said: "He had a choice between two remedies—either to rescind the purchase and recover what he had paid, or to affirm the contract and to sue for the damages he had sustained."

Plaintiff has elected to sue to rescind. That remedy was available to him under the circumstances disclosed by the record, even though he might have affirmed the contract and sued at law to recover damages.

The judgment appealed from is therefore affirmed.