**NATIONAL BEN–FRANKLIN FIRE INS. CO. OF PITTSBURGH, PA., et al. v. GEARY et al.**

**No. 266.**

District Court, W. D. Missouri, W. D.

Aug. 25, 1939.

Hogsett, Murray, Trippe, Depping & Houts and Chester L. Smith, all of Kansas City, Mo., for plaintiffs.

William Aull, Jr., of Lexington, Mo., R. D. Johnson, of Marshall, Mo., and Clay C. Rogers, of Kansas City., Mo., for defendants.

OTIS, District Judge.

The chief question presented by the Motion to Dismiss Plaintiffs' Complaint is this: Is a fire insurance company which under a so-called "standard mortgage clause" in a policy has paid a fire loss to a mortgagee and has been "subrogated" to the rights of the mortgagee under all securities held by the mortgagee against the insured mortgagor an "assignee" within the meaning of that word in Section 41, Title 28, U.S.C., 28 U.S.C.A. § 41? It will be remembered that it is provided in Section 41 that—"No district court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any *assignee* * * * unless such suit might have been prosecuted in such court * * * if no assignment had been made."

### Facts Pleaded

Each of the three plaintiff insurance companies had issued to defendants a policy of fire insurance on certain property in Lafayette County, Missouri. Theretofore the defendants ·had borrowed upon the property from the Lafayette County Building and Loan Association $4,400, executing their note therefor and securing the note by a deed of trust on the property. Each of the policies contained this provision:

"Loss, if any, payable to Lafayette County Building & Loan Association of Lexington, Mo. Mortgagee or Beneficiary, as herein provided.

"It being hereby understood and agreed that this insurance, as to the interest of the Mortgagee or Beneficiary or Assigns only therein shall not be invalidated by any act or neglect of the Mortgagor or owner of the property insured * * *. It is also Agreed, That whenever this Company shall pay the Mortgagee or Beneficiary or Assigns any sum for loss under this Policy, and shall claim that, as to the Mortgagor or owner no liability therefor exists, it shall at once, and to the extent of such payment, be legally subrogated to all the rights of the party to whom such payments shall be made under any and all securities held by said party for payment of said debt. But such subrogation shall be in subordination to the claim of said party for the balance of debt so secured. Or said Company may, at its option, pay the said Mortgagee or Beneficiary or Assigns the whole debt so secured, with all the interest and other charges which may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made an assignment and transfer of said debt, without recourse, with all securities held by said parties for the payment thereof."

The property insured was destroyed by fire. The companies ·thereupon paid the full amount of the mortgagee's claim in accordance with the provisions of the mortgage clause in the policies and claimed their rights of subrogation as provided in the policies and the law and under an ex

press subrogation agreement. Denying liability under the policies to the defendants on the ground that the fire was caused by them and on the further ground that the policies were void for violation of their conditions, the plaintiffs have sued in equity that they be decreed to be subrogated to the rights of the Lafayette County Building & Loan Association, that the policies are void as to defendants, and for foreclosure of the deed of trust.

The Lafayette County Building & Loan Association and the defendants are citizens and residents of Missouri. This court would have no jurisdiction of a suit brought on the note and to foreclose the deed of trust by the Loan Association against defendants. Defendants have moved to dismiss the complaint on the ground that plaintiffs' title really comes to them by assignment and that Section 41 of Title 28 applies.

### Plaintiffs' Rights from Agreement or Law?

The controversy turns upon the answer to this question: Do the rights of the plaintiffs to collect the note and enforce the deed of trust depend upon the *agreement* of their former holder or are they *given by law* to the plaintiffs because plaintiffs have paid the holder the amount due? If the first alternative is the right one, then we have a case of assignment, by whatever name it may be called. If the second alternative is the right one, we do not have a case of assignment and Section 41 of Title 28 does not apply.

If the rights of the plaintiffs are given by law because plaintiffs have paid the amount of the note to the holder then the fact that plaintiffs may also have taken an assignment is of no consequence. New Orleans v. Gaines' Administrator, 138 U.S. 595, 606, 11 S.Ct. 428, 34 L.Ed. 1102; Farmer's Bank v. Hayes, 6 Cir., 58 F.2d 34. But do plaintiffs have rights given them by law? Does the mere fact that an insurance company pays an amount equal to the insured's debt to another, which debt is secured by a mortgage on the insured property, subrogate in equity the company to rights of the creditor in his note and mortgage? Certainly not, *if the company was not obligated to pay the debt*. If the insurance company was obligated to pay the debt, what then?

We must examine the nature of the obligation on account of which plaintiffs paid the amount of defendants' debt to the Lafayette County Building & Loan Association. Was its liability primary or secondary? It certainly was not secondary, as is the liability of a surety or guarantor. The only liability which any of the plaintiffs had to the Building & Loan Association, so far as the complaint discloses, arose from the policy it had issued the defendants wherein, presumably for a consideration paid by defendants, it agreed that loss from fire should be "payable to Lafayette County Building & Loan Association." The loss was payable to the Building & Loan Association without regard to whether there had been default as to any part of the debt or interest thereon by the defendants. Here then is nothing of the nature of suretyship or guaranty. Each of the plaintiffs had insured the Building & Loan Association's interest in the property and had become primarily liable to the Association. It is elementary that the law gives no right of subrogation from the discharge of a primary liability. 60 Corpus Juris, 712; Commercial Casualty Ins. Co. v. Petroleum Pipe Line Co., 10 Cir., 83 F.2d 412; Lowenstein v. Queen Ins. Co., 227 Mo. 100, 127 S.W. 72. The last cited case, declaring the Missouri law, authoritatively determines, we think, how the pending motion must be ruled.

### Cited Cases Inapplicable

But we must examine the opinions and decisions upon which plaintiffs rely. Learned counsel have cited cases in the following order: Fidelity & Deposit Co. v. Farmers' Bank, 8 Cir., 44 F.2d 11; Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650; American Surety Co. v. Lewis State Bank, 5 Cir., 58 F.2d 559; New Orleans v. Gaines, 138 U.S. 595, 11 S.Ct. 428, 34 L.Ed. 1102; Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34; Claiborne Parish School Board v. Fidelity & Deposit Co., 5 Cir., 40 F.2d 577. And we have examined these cases. They are not in point. Each of them, with one exception, concerns a case of secondary liability, as that of a surety or guarantor. The exception is New Orleans v. Gaines, supra. In that case (New Orleans v. Gaines, 131 U.S. 191, 9 S.Ct. 745, 33 L.Ed. 99, should be read with New Orleans v. Gaines, 138 U.S. 595, 11 S.Ct. 428, 34 L.Ed. 1102) it was held that Mrs. Gaines' right to recover from the city of New Orleans in part was bottomed on her right to subrogation to another's equity against the city, a right given her by the civil law in force in Louisiana (131 U.S.

138

loc. cit. 213, 9 S.Ct. 745, 33 L.Ed. 99) and, in any event, that it was a case of equitable subrogation. The Supreme Court particularly pointed out (138 U.S. loc. cit. 605, 11 S.Ct. 428, 34 L.Ed. 1102) that if Mrs. Gaines' cause of action had come to her only by assignment the federal court would have had no jurisdiction.

Learned counsel have cited also certain fire insurance cases. We have examined them. Miller v. Union Assurance Society, 8 Cir., 39 F.2d 25, is not in point. While in that case the Insurance Company's situation was substantially identical with that of the plaintiffs here there was no real question but that Section 41 of Title 28 did not apply. See opinion of district court in Union Assurance Society v. Miller, 29 F. Supp. 127, Western District of Missouri, Western Division. Mosby v. Insurance Co., 285 Mo. 242, 225 S.W. 715, does not suggest that an insurance company which pays a mortgagee after a loss has any equitable right of subrogation or right of subrogation given by law. The holding is only that the standard mortgage clause is a valid and enforceable contract giving rise to contract rights and obligations. No more is Springfield Fire & Marine Ins. Co. v. Allen, 43 N.Y. 389, 3 Am.Rep. 711, in point. The case by way of dictum does hint at the possibility of equitable subrogation (43 N.Y. loc. cit. 393, 3 Am.Rep. 711) but more particularly points to "subrogation by an agreement." Badger v. Platts, 68 N.H. 222, 44 A. 296, 73 Am.St.Rep. 572, refers only to subrogation by contract. No more is held in People's Bank v. Insurance Co., 146 Ga. 514, 91 S.E. 684, L.R.A.1917D, 868. Nor do we consider that the opinion of our learned colleague in National Fire Insurance Co. v. Alexander, 29 F.Supp. 133, in this court, is of especial value to plaintiffs. The question presented here was involved in that case but must not have been fully argued since it is only cursorily noticed. The opinion refers to the matter of subrogation as subrogation "to which the defendants *agreed*," that is, to subrogation arising from contract.

Our conclusion is that what we have here is not subrogation in law or equitable subrogation. The rights of plaintiffs arise out of contract. The parties concerned, including the holder of the note and deed of trust, agreed that the plaintiffs should have these rights. And that is assignment or its equivalent. If so, Section 41 applies. This court has no jurisdiction.